**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
BIO-BOTANICA, INC.

                             Plaintiff,

          -against-

KARMAGREEN, LLC d/b/a MT LOTZ

                            Defendant.
-------------------------------------------------------------------X

**COMPLAINT**

Civil Action No.:
2:19-cv-5116

Plaintiff BIO-BOTANICA, INC. ("Bio-Botanica"), by and through its attorneys, RIVKIN RADLER LLP, as and for its Complaint against Defendant KARMAGREEN, LLC d/b/a MT LOTZ ("Defendant") alleges as follows:

## OVERVIEW

1. This is an action for, among other things, trademark infringement. This action is based upon the Defendant's repeated, willful, infringement of Bio-Botanica's long-standing intellectual property rights in its federally registered BIO-BOTANICA trademark.

2. Specifically, Bio-Botanica is the owner of U.S. trademark registration number 1,254,283 for the BIO-BOTANICA mark covering, among other things, herbal extracts. Bio-Botanica has been using the BIO-BOTANICA mark since at least as early as January 1977 and received federal trademark protection in October 1983. Based on its long-standing continuous use of the mark, Bio-Botanica has developed, and enjoys, substantial consumer recognition and goodwill.

3. More than forty (40) years after Bio-Botanica began use of the BIO-BOTANICA mark, Defendant began to use the confusingly similar - - and virtually identical - - BIO BOTANICAL mark to advertise, market, and otherwise promote dietary supplements which contain herbal extracts.

4. In forming the BIO BOTANICAL mark, the Defendant's simply struck the hyphen featured in the BIO-BOTANICA mark and, thereafter, added the letter "L" to the end of the BIO-BOTANICA mark.

5. The Defendant's blatant disregard for Bio-Botanica's intellectual property rights - - rights which Bio Botanica has developed through substantial investments of both human and financial capital over numerous decades - - must cease.

6. The Defendant's continued unauthorized use of Bio-Botanica's intellectual property is likely to result in consumer confusion, including, but not limited to, the mistaken belief by Bio-Botanica's clients that Bio-Botanica is now competing against them through the sale of finished product under the BIO BOTANICAL mark.

## THE PARTIES

7. Bio-Botanica is incorporated in the State of New York having its principal place of business at 75 Commerce Drive, Hauppauge, New York 11788 and is duly authorized to transact business in the State of New York.

8. Upon information and belief, Defendant is a limited liability company duly organized and existing under the laws of the State of Florida and maintains a place of business at 912 SE 46th Lane Suite 204, Cape Coral, Florida 33904.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, as there are federal questions predicated upon the Lanham Act and claims under the laws of the State of New York for which this Court has supplemental jurisdiction.

10. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims at issue herein occurred in this District.

## BIO-BOTANICA'S ESTABLISHED INTELLECTUAL PROPERTY RIGHTS

11. Bio-Botanica began operations in 1972 and, since that time, has developed a reputation as a leading manufacturer and supplier of quality extracts that are used in connection with personal care products, cosmetics, food and beverage products, flavors and fragrances, dietary supplements, and nutraceuticals.

12. Based on the foregoing, Bio-Botanica is recognized as an industry leader and innovator in pioneering advancements in the botanical field.

13. Bio-Botanica has spent significant time, money, and effort to establish public recognition of the BIO-BOTANICA mark as identifying Bio-Botanica as the source of industry-leading goods in the botanical field, including, but not limited to herbal extracts.

14. Bio-Botanica has used the BIO-BOTANICA mark to advertise and promote its goods for more than forty-two (42) years and has established not only substantial

consumer recognition of the BIO-BOTANICA mark, but also developed significant goodwill in connection with the BIO-BOTANICA mark.

15. Bio-Botanica is the owner of an incontestable federal trademark registration for the BIO-BOTANICA mark which has been assigned U.S. trademark registration number 1,254,283 and covers the following goods in International Class 05:

> Herbal extracts primarily for medicinal purposes in liquid and powder form, which may also be used as ingredients of pharmaceuticals, cosmetics, food flavorings and beverages; and a weight controlled preparation comprising vegetables, herbs, spices, and seaweed sold in powdered, liquid, tablet or capsule form, or as a medicated tea.

A copy of Bio-Botanica's federal trademark registration certificate is attached as Exhibit "A."

16. The BIO-BOTANICA mark is one of Bio-Botanica's most valuable assets.

17. Bio-Botanica has used, and continues to use, the BIO-BOTANICA trademark in interstate commerce, among other places, on its website, letterhead, advertisements, signage, and other materials to identify, advertise, publicize, and market Bio-Botanica's goods.

18. By virtue thereof, together with the consumer recognition and goodwill referenced above, the BIO-BOTANICA mark identifies the source of Bio-Botanica's goods and distinguishes Bio-Botanica from its competitors.

## **DEFENDANT'S INFRINGING CONDUCT**

19. Defendant markets and distributes dietary and herbal supplements nationwide, including, different varieties of supplements under the BIO BOTANICAL mark.

20. An example of product packaging for the supplements marketed and distributed by Defendant under the BIO BOTANICAL mark is displayed below:



21. Apart from Defendant's use of the infringing mark on its product packaging, the Defendant also uses the infringing mark on its social media platforms to advertise, market, and otherwise promote its supplements.

22. Examples of Defendant's unauthorized use of the infringing mark on its social media platforms are displayed below:



*See* www.facebook.com/MTDistributionLLC.



*See* www.twitter.com/mtdistributionk.

6

23. Additionally, as displayed below, there are multiple third-party websites which consumers can access to purchase the Defendant's products, all of which display the Defendant's infringing mark:



*See* www.sacredplantlife.com/?product=bali-halus-30-capsules-by-bio-botanical.



*See* www.arksmokeshop.com/product/bio-botanical-kratom-powder.

[screenshot of www.mrcheckout.net/bio-botanical-kratom showing Bio Botanical Kratom product bottles]

*See* www.mrcheckout.net/bio-botanical-kratom.

24. Defendant has engaged, and continues to engage, in a patterned course of deliberate conduct to trade off the goodwill that Bio-Botanica has developed in the BIO-BOTANICA trademark.

25. Defendant's use of the BIO BOTANICAL mark to advertise and promote its dietary supplements is likely to cause consumer confusion based upon Bio-Botanica's long-standing prior use of the BIO-BOTANICA mark.

26. For example, Bio-Botanica manufactures and sells herbal extracts to companies, like Defendant, that market and distribute dietary supplements.

27. Accordingly, the Defendant's conduct will harm the goodwill which Bio-Botanica has cultivated to the extent that Bio-Botanica's customers will mistakenly

believe that Bio-Botanica is competing directly against them by marketing and distributing dietary supplements under the BIO BOTANICAL mark.

## COUNT I
## TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

28. Bio-Botanica repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "27" with the same force and effect as if set forth at length herein.

29. Bio-Botanica is the owner of the valid and legally protectable BIO-BOTANICA mark.

30. Specifically, Bio-Botanica is the owner of U.S. trademark registration number 1,254,283 for the BIO-BOTANICA mark.

31. Bio-Botanica uses the BIO-BOTANICA mark to identify, advertise, promote, publicize, and market its goods.

32. The Defendant is using a virtually identical mark - - BIO BOTANICAL - - to identify, advertise, promote, publicize, and market its related goods.

33. The Defendant has used, and continues to use, its virtually identical mark to advance, grow and develop its business and to harm and interfere with Bio-Botanica's business.

34. The Defendant's use of its virtually identical mark is designed to cause, and will likely cause, consumer confusion, mistake or deception as to the origin, sponsorship or approval of the Defendant's goods, given the related nature of the goods provided by Bio-Botanica.

35. The Defendant's aforesaid conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114, and at all relevant times, such conduct is and has been willful, malicious and in conscious disregard of Bio-Botanica's rights under the Lanham Act as the owner of the BIO-BOTANICA mark.

36. As a result of the Defendant's conduct, Bio-Botanica has been injured in the manner of lost sales and loss of goodwill associated with its own goods.

37. As a result of the Defendant's conduct, Bio-Botanica is entitled to receive an accounting of, and receive compensation from the Defendant in the form of, all of the Defendant's profits from the unauthorized use of Bio-Botanica's intellectual property.

38. As a result of the Defendant's conduct, Bio-Botanica has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief to the type sought herein pursuant to 15 U.S.C. § 1116.

39. As a result of the Defendant's conduct, Bio-Botanica has sustained actual and consequential damages that will be established at trial, and Bio-Botanica is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

**COUNT II
FALSE DESIGNATION OF ORIGIN
15 U.S.C. § 1125(a)(1)(A)**

40. Bio-Botanica repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "39" with the same force and effect as if set forth at length herein.

41. Bio-Botanica is the owner of the valid and legally protectable BIO-BOTANICA mark.

42. Bio-Botanica uses the BIO-BOTANICA mark to identify, advertise, promote, publicize, and market its goods.

43. Defendant is using a mark that is virtually identical to the BIO-BOTANICA mark to identify, advertise, promote, publicize, and market its related goods.

44. Defendant has used, and continues to use, a mark that is virtually identical to the BIO-BOTANICA mark to advance, grow, and develop its business, and to harm and interfere with Bio-Botanica's business.

45. Defendant's use of the BIO BOTANICAL mark is designed to cause, and will likely cause, consumer confusion, mistake or deception as to the origin, sponsorship or approval of the Defendant's goods, given the related nature of the goods provided by Bio-Botanica.

46. The Defendant's aforesaid conduct constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A), and at all relevant times, such conduct is and has been willful, malicious and in conscious disregard of Bio Botanica's rights under the Lanham Act as the owner of the BIO-BOTANICA mark.

47. As a result of the Defendant's conduct, Bio-Botanica has been injured in the manner of lost sales and loss of goodwill associated with its own goods.

48. As a result of the Defendant's conduct, Bio-Botanica is entitled to receive an accounting of, and receive compensation from the Defendant in the form of, all of the Defendant's profits from the unauthorized use of Bio-Botanica's intellectual property.

49. As a result of the Defendant's conduct, Bio-Botanica has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief to the type sought herein pursuant to 15 U.S.C. § 1116.

50. As a result of the Defendant's conduct, Bio-Botanica has sustained actual and consequential damages that will be established at trial, and Bio-Botanica is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

### COUNT III
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### COMMON LAW

51. Bio-Botanica repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "50" with the same force and effect as if set forth at length herein.

52. Bio-Botanica is the owner of the valid and legally protectable BIO-BOTANICA mark.

53. The Defendant has used, and continues to use, a mark that is virtually identical to the BIO-BOTANICA mark as a means to identify the Defendant as the source of goods that are related to those offered by Bio-Botanica.

54. The Defendant's unauthorized use of the BIO BOTANICAL mark is designed to cause, and will likely cause, consumer confusion with Bio-Botanica and its goods and such use infringes on the BIO-BOTANICA mark.

55.     The Defendant's unauthorized use of the BIO BOTANICAL mark is designed to cause, and will likely cause, consumers to mistakenly purchase Defendant's goods believing that Bio-Botanica is the source of, or otherwise endorses, such goods.

56.     The Defendant's unauthorized use of the BIO-BOTANICA mark is willful, malicious, and in bad-faith and in conscious disregard of Bio-Botanica's rights and has caused, and is likely to cause, consumer confusion between Bio-Botanica and its goods and Defendant and its goods.

57.     The Defendant's activities as stated herein constitute infringement of Bio-Botanica's rights in the BIO-BOTANICA mark and unfair competition in violation of New York common law.

58.     As a result of the Defendant's conduct, Bio-Botanica has been injured in the manner of lost sales and loss of goodwill associated with its own goods.

59.     As a result of the Defendant's conduct, Bio-Botanica is entitled to receive an accounting of, and receive compensation from the Defendant in the form of, all of the Defendant's profits from the unauthorized use of Bio-Botanica's intellectual property.

60.     As a result of the Defendant's conduct, Bio-Botanica has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

61.     As a result of the Defendant's conduct, Bio-Botanica has sustained actual and consequential damages that will be established at trial, and Bio-Botanica is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT IV
## TRADEMARK DILUTION
## NEW YORK GENERAL BUSINESS LAW § 360-l

62. Bio-Botanica repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "61" with the same force and effect as if set forth at length herein.

63. Bio-Botanica is the owner of the valid and legally protectable BIO-BOTANICA mark.

64. Bio-Botanica uses the BIO-BOTANICA mark to identify, advertise, promote, publicize, and market Bio-Botanica and its goods.

65. The BIO-BOTANICA trademark is distinctive or has otherwise developed secondary meaning based on Bio-Botanica's continuous and long-standing exclusive use of the BIO-BOTANICA mark.

66. Bio-Botanica has spent a significant amount of money in connection with advertising and promoting the BIO-BOTANICA mark as the source of Bio-Botanica's goods.

67. As a result, Bio-Botanica has established not only substantial consumer recognition of the BIO-BOTANICA mark, but also developed significant goodwill in connection with the BIO-BOTANICA mark.

68. Defendant's unlawful use of the virtually identical BIO BOTANICAL mark in commerce has harmed the reputation of, and diluted the distinctive quality of, the BIO-BOTANICA mark by lessening the capacity of the mark to identify and distinguish the goods provided by Bio Botanica.

69. The Defendant's aforesaid conduct constitutes trademark dilution in violation of New York General Business Law § 360-l.

70. As a result of the Defendant's conduct, Bio-Botanica has suffered, and will continue to suffer, irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

## COUNT V
## TRADEMARK DILUTION
## COMMON LAW

71. Bio-Botanica repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "70" with the same force and effect as if set forth at length herein.

72. Bio-Botanica is the owner of the valid and legally protectable BIO-BOTANICA mark.

73. Bio-Botanica uses the BIO-BOTANICA mark to identify, advertise, promote, publicize, and market Bio-Botanica and its goods.

74. The BIO-BOTANICA trademark is distinctive or has otherwise developed secondary meaning based on Bio-Botanica's continuous and long-standing exclusive use of the BIO-BOTANICA mark.

75. Bio-Botanica has spent a significant amount of money in connection with advertising and promoting the BIO-BOTANICA mark as the source of Bio-Botanica's goods.

76. As a result, Bio-Botanica has established not only substantial consumer recognition of the BIO-BOTANICA mark, but also developed significant goodwill in connection with the BIO-BOTANICA mark.

77. Defendant's unlawful use of the virtually identical BIO-BOTANICA mark in commerce has harmed the reputation of, and diluted the distinctive quality of, the BIO-BOTANICA mark by lessening the capacity of the mark to identify and distinguish the goods provided by Bio-Botanica.

78. The Defendant's aforesaid conduct constitutes trademark dilution in violation of New York common law.

79. As a result of the Defendant's conduct, Bio-Botanica has been injured in the manner of lost sales and loss of goodwill associated with its own goods.

80. As a result of the Defendant's conduct, Bio-Botanica is entitled to receive an accounting of, and receive compensation from the Defendant in the form of, all of the Defendant's profits from the unauthorized use of Bio-Botanica's intellectual property.

81. As a result of the Defendant's conduct, Bio-Botanica has suffered, and will continue to suffer, irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

82. As a result of the Defendant's conduct, Bio-Botanica has sustained actual and consequential damages that will be established at trial, and Bio-Botanica is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT VI
## DECLARATORY JUDGMENT
## CANCELLING TRADEMARK REGISTRATION NO. 5,656,976

83. Bio-Botanica repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "82" with the same force and effect as if set forth at length herein.

84. In September 2017, Defendant filed a trademark application seeking to register the BIO BOTANICAL mark claiming that the BIO BOTANICAL mark was first used on September 8, 2017.

85. On January 15, 2019, Defendant received a United States trademark registration for the BIO BOTANICAL mark and was assigned U.S. trademark registration number 5,656,976 ("the '976 Registration"). A copy of the BIO BOTANICAL trademark registration is attached as Exhibit "B."

86. Defendant's mark was also registered in class 5 - - the same class as the BIO-BOTANICA mark - - and covers "dietary supplements." *See* Exhibit "B."

87. The '976 Registration is not incontestable and can be cancelled on any ground that would have precluded registration of the BIO BOTANICAL mark in the first instance.

88. The application which resulted in the '976 Registration should have been refused because of a likelihood of confusion with the previously registered BIO-BOTANICA mark under 15 U.S.C. § 1052(d).

17

89. The Defendant's unauthorized use of its infringing mark is likely to create, and creates, consumer confusion because it is virtually identical to the BIO-BOTANICA mark.

90. The only differences between the BIO-BOTANICA mark and the infringing BIO BOTANICAL mark is the omission of the hyphen, and the addition of the letter "L," in the BIO-BOTANICAL mark.

91. The goods identified in the '976 Registration are related to the goods identified in the trademark registration for the BIO-BOTANICA mark and, as a result, consumers would mistakenly believe that such goods are related and come from the same source.

92. As a result, Bio-Botanica requests that this Court issue a declaratory judgment cancelling the '976 Registration.

## **DEMAND FOR JURY TRIAL**

Bio-Botanica demands a trial by jury.

**WHEREFORE**, Bio-Botanica requests that the Court enter judgment against the Defendant Karmagreen LLC d/b/a Mt Lotz, as follows:

   a. On Count I against the Defendant, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits, (iv) damages sufficient to conduct corrective advertising; and (v) preliminary and permanent injunctive relief;

   b. On Count II against the Defendant, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be

18

  determined at trial, (iii) an accounting and disgorgement of profits, (iv) damages sufficient to conduct corrective advertising; and (v) preliminary and permanent injunctive relief;

c. On Count III against the Defendant, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits, (iv) damages sufficient to conduct corrective advertising; and (v) preliminary and permanent injunctive relief;

d. On Count IV against the Defendant, preliminary and permanent injunctive relief;

e. On Count V against the Defendant, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits, (iv) damages sufficient to conduct corrective advertising; and (v) preliminary and permanent injunctive relief;

f. On Count VI against the Defendant, a declaratory judgment cancelling the '976 Registration; and

g. An order awarding Plaintiff its reasonable attorneys' fees and costs, together with such other and further relief as this Court may deem just, proper, and equitable.

Dated: Uniondale, New York
September 9, 2019

                                                  Respectfully submitted,

                                                  RIVKIN RADLER LLP

                                                  /s/ *Michael C. Cannata*
                                                  Michael C. Cannata
                                                  Frank Misiti
                                                  926 RXR Plaza
                                                  Uniondale, New York 11556-0926
                                                  (516) 357-3000
                                                  michael.cannata@rivkin.com
                                                  frank.misiti@rivkin.com

                                                  Attorneys for Plaintiff
                                                  BIO-BOTANICA, INC.

4465403 v2